**FILED**
James J. Vilt Jr,
Clerk
April 10, 2025
U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                      Criminal Action No. 3:23-cr-148

TERRY MASDEN                                                          Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, you have found the defendant guilty of the crime alleged in the superseding indictment, and those findings remain in place. Now, there are additional questions you must consider.

All of my previous instructions explaining your duties, the general rules that apply in every criminal case, rules you must use in evaluating testimony evidence, rules you must use during deliberations in the jury verdict, and the possible verdicts you may return, also apply to your determination of the additional questions.

## ADDITIONAL INSTRUCTIONS

The superseding indictment alleges that the defendant, before committing the offense of Distribution of Methamphetamine, was previously convicted of a serious drug felony. The alleged prior serious drug conviction is as follows:

> On or about August 24, 2011, in the United States District Court for the Western District of Kentucky, in case number 3:10CR-141, TERRY MASDEN, was convicted of the offense of Possession with Intent to Distribute Oxycodone.

You must decide three questions with respect to this prior conviction. The United States has the burden of convincing you, beyond a reasonable doubt, that the answer to each question is "Yes." If the United States fails in its burden on a question, you must answer that question "No." The questions are set forth in special verdict forms:

> (1) Was the defendant, on or about August 24, 2011, convicted of possession with intent to distribute oxycodone, under case number 3:10CR-141, in the United States District Court for the Western District of Kentucky?;

> (2) Did the defendant serve a term of imprisonment of more than 12 months on his conviction in 3:10CR-141? A term of imprisonment is the period of actual confinement served relating to the conviction.

> (3) Was the defendant released from the term of imprisonment on his conviction in 3:10CR-141 within 15 years of the date of the crimes charged in the superseding indictment, which occurred on or about April 17, 2023?

**DEFENDANT'S ELECTON NOT TO TESTIFY**

As I instructed you before, the defendant has an absolute right not to testify or present evidence. The fact that the defendant did not testify, or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant's guilt beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## DELIBERATIONS AND VERDICT FORM

The foreperson will again preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Court Security Officer.